MEMORANDUM OF DECISION ON THE PLAINTIFF’S MOTION TO FILE NON-STANDARD INTERROGATORIES AND REQUEST FOR PRODUCTION

McNAMARA, J.
The plaintiff, Andy Medina, seeks damages from the defendant, Mohegan Tribal Gaming Authority for injuries he allegedly sustained when he fell off a slot chair at the Mohegan Sun Casino. The plaintiff presently is seeking permission to file nonstandard Interrogatories and request for production. The plaintiff claims that the standard discovery is inappropriate or inadequate and that information regarding the make and model of the slot machine, the identification of technical and security personnel working in the area of the casino where the plaintiff allegedly fell is necessary to pursue his claim. He claims that the identification of these employees, as well as the identification of the employees responsible for the maintenance of said slot machine is critical to establishing the plaintiffs claim. The defendant claims that the plaintiff has not established that the standard discovery is inadequate or inappropriate and that there is nothing unusual about this case that would justify non-standard discovery.
DISCUSSION
Mohegan Rules of Civil Procedure Section 29(a)(2) provides that “In all tort claims alleging liability based on the operation or ownership of a motor vehicle or alleging liability based on the maintenance or control of real property or of any gaming facilities, the interrogatories shall be limited to those set forth in Forms 201, 202, and 203 of the Appendix of Forms to the Connecticut Practice Book, unless upon motion the judicial authority determines that such interrogatories are inappropriate or inadequate in the particular action.”
In the instant case, the plaintiff has filed eighteen non-standard interrogatories and two non-standard requests for production. The defendant has objected to all such requests. The proposed interrogatories seek information regarding the person responsible for the maintenance of the slot machine, the inspection logs of said machine, the individuals who managed the department responsible for the security upon the gaming floor of Mohegan Sun and a list of any individuals who were present at the time of the alleged incident. The defendant’s objection to the majority of the interrogatories state, “The defendant objects to this interrogatory on the ground that it is irrelevant to the claims and defense in this action and is unlikely to lead to the discovery of admissible evidence.”
At oral argument on this Motion, counsel for the plaintiff indicated that there were no known witnesses to this alleged fall and no incident report was prepared. He claimed he needed the information requested to said non-standard interrogatories to properly investigate his claim. The defendant claimed that the information ei *279 ther was not available, or if available, would not lead to admissible evidence at trial. In his Memorandum of Law in Support of Objection to Plaintiffs Motion for Permission, the defendant cites Sokolowski v. Caron, 2007 WL 1413996 (Conn. Superi- or Ct. Apr. 25, 2007) as controlling law. In Sokolowski the defendant attempted to file non-standard interrogatories in a rear-end motor vehicle collision resulting in soft tissue neck and back injuries. The Court denied the Motion because the defendant did not convince the Court that the facts of the case were so unusual that standard interrogatories and request for production were inappropriate or inadequate. The Court went on to further state “If the standard forms were inadequate in this case, they would be inadequate in all routine motor vehicle cases. If the Court were to adopt the defendant’s reasoning the requirement of judicial permission would become a formality; permission would have to be granted in every ease.” Id,
The Court recognizes that there have been other complaints filed against the defendant alleging defective slot chairs. The Court, is however persuaded that the plaintiff is entitled to some information and documents concerning the slot machines, its repairs, and the identity of individuals who may have worked on the machine. The standard interrogatories are inadequate as they relate to these issues. The majority of the information requested by the plaintiff is readily available to the defendant and would not cause undue hardship or cost to obtain. In fact, in the time it took to prepare the Objection to the Request to File Non-Standard Interrogatories, a Memorandum of Law in Opposition and oral argument on said Objection, the requested information could have been obtained and disclosed to the plaintiff. Certainly the parties have the option to agree to the serving of non-standard interrogatories.[1] The Court is not aware of the efforts made by the parties to resolve the issue regarding non-standard interrogatories because they failed to file an Affidavit as required by Mohegan Rules of Civil Procedure 29(c).[2]
This Court’s determination that the standard interrogatories are inadequate should not be construed that all defective slot machine cases warrant non-standard interrogatories. The specific facts of this case are unusual enough to warrant additional non-standard interrogatories and request for production.
The plaintiffs request to file non-standard interrogatories and request for production is granted in part and denied in part. The Court grants said request as they relate to information that is not available through the standard interrogatories and do not prejudice the defendant, or would cause a hardship to obtain.
The foregoing request to file non-standard interrogatories having been heard, it is hereby Ordered:
1. Denied
*280 2. Granted
3. Denied
4. Granted
5. Denied
8.Denied
7. Denied
8. Granted
9. Denied
10. Denied
11. Granted
12. Denied
13. Granted
14. Granted
15. Granted
16. Denied
17. Denied
18. Denied
Request 1—Denied
Request 2—Granted

. Mohegan Rules of Civil Procedure 29(a)(2) states "Nothing contained herein shall prevent the serving of non-standard interrogatories and requests for production by agreement of the parties.”

. No objection shall be heard by the Court until either counsel file an affidavit certifying that a conference has been held to attempt to resolve the subject matter of the objection and that counsel have been unable to reach an accord. Objections are subject to the procedures set forth in Section 15a of these Rules. The affidavit shall recite: the date of the objection: the name of the party who filed the objection; the name of the party to whom the objection is addressed; the date, time and place of the conference and the participants; and if no conference was held the reasons therefore.